FILED IN CLERK'S OFFI
U.S.D.C. - Atlanta

APR 0 6 2021

JAMES N. HATTEN, Clerk
By: _____ Deputy (

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

CHRISTOPHER R. CONNORS,

      Plaintiff,

v.

HENRY COUNTY, GA,

      Defendant.

CIVIL ACTION FILE NO.

**1:21-CV-1373**

**JURY TRIAL DEMANDED**

## PRO SE COMPLAINT

COMES NOW Pro Se Plaintiff, Christopher R. Connors, and hereby files this Complaint against Defendant, Henry County, GA (hereinafter "Henry County" or "Defendant"), showing the court as follows:

## I.   JURISDICTION AND VENUE

1.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 over Counts I and II of this Complaint, which arise out of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq. ("Title VII"), and Count III of this Complaint which arises out of 42 U.S.C. § 1983, the Fourteenth Amendment of the

U.S. Constitution.

2.      Venue is proper in this Court because the employment practices forming the basis of this action were undertaken within the Atlanta Division of the Northern District of Georgia.

3.      Plaintiff exhausted all administrative remedies in this matter. *Dismissal and Notice of Rights*, Ex. 1.

## II.   **PARTIES**

4.      Plaintiff is a citizen of the United States and resides in the state of Georgia.

5.      Defendant is a municipality operating within Henry County, Georgia.

6.      Defendant operates the Henry County Police Department ("HCPD"), which is a department within Defendant

7.      Defendant may be served by delivering a copy of the Complaint and Summons to Carlotta Harrell, Henry County Board of Commissioners, Henry County Administration Building, 140 Henry Pkwy, McDonough, Georgia 30253.

8.      Defendant may be served by delivering a copy of the Complaint and Summons to the County Attorney for Henry County, Georgia, Patrick D. Jaugstetter, Jarrard & Davis, LLP, 222 Webb Street, Cumming, Georgia 30040.

9.      Defendant is subject to the requirements of the laws enumerated in the

Jurisdiction and Venue section of this Complaint.

### III.  **FACTUAL ALLEGATIONS**

10.   Plaintiff was employed by Defendant from July 2018 until his termination on August 7, 2020.

11.   During all time periods relevant to this Complaint, Plaintiff was employed by Defendant as a Police Officer with HCPD.

12.   Plaintiff is African-American.

13.   During all time periods relevant to this Complaint, Defendant was aware of Plaintiff's race.

14.   Prior to the events leading to Plaintiff's claims detailed below, Plaintiff received no poor performance reviews.

15.   In April 2019, Plaintiff made a complaint to Captain Jason Black (Caucasian) and Sergeant John Mathis (Caucasian) regarding Sgt. Matt Donaldson (Caucasian) using the word "nigger" in front of Plaintiff and coworkers.

16.   No remedial action was taken by Defendant.

17.   In September 2019, Plaintiff's ex-girlfriend, who Plaintiff had a restraining order against, filed a police report against Plaintiff.

-3-

18.    Defendant was aware of the restraining order and issues that Plaintiff was having with his ex-girlfriend.

19.    Defendant placed Plaintiff on paid Administrative Leave on September 26, 2019, until October 11, 2019.

20.    The treatment of Plaintiff was more severe and more strict than that of Caucasian officers who had similar complaints made against them.

21.    Plaintiff is aware of at least one Caucasian officer who was not placed on leave and/or investigated for similar allegations.

22.    Plaintiff suffers from Bipolar II Disorder, having been first diagnosed six (6) years ago.

23.    Around the time of his first Administrative Leave, Plaintiff informed the county of his condition, specifically Sgt. Rotella, Major Smith, and Mr. Harrold Cooper, Director of Human Resources.

24.    Upon Plaintiff's return to work following his leave, Maj. Smith told Plaintiff to get help for his Bipolar Disorder, despite Plaintiff's disclosure that his condition was being effectively managed with medication and therapy.

25.    Following Plaintiff's leave and the disparate disciplinary treatment between Plaintiff and his coworkers, Plaintiff asked to schedule a meeting with Chief Mark

Ammerman (Caucasian) to discuss the discrimination that was occurring.

26.    Plaintiff received no response from Chief Ammerman and his concerns of race discrimination went unaddressed.

27.    In December 2019, Plaintiff was recommended for termination based on the allegations of his ex-girlfriend.

28.    Four (4) of five (5) panel members recommended Plaintiff's termination, with the four votes for termination made by Caucasian members and the one vote against termination made by an African-American member.

29.    Plaintiff was ultimately placed on a two (2) year probation and 50 hour suspension.

30.    Plaintiff's discipline was nevertheless more severe than that assessed against similarly situated Caucasian officers.

31.    On or about February 23, 2020, Plaintiff sent messages to Henry County complaining of racial discrimination within HCPD.

32.    The following day, February 24, 2020, Plaintiff was again placed on Administrative Leave by Chief Ammerman.

33.    Plaintiff was told he could not return to work until completing a mental health evaluation.

34.    While Plaintiff was paid during his leave, he was unable to work overtime or part-time work, which severely affected his pay.

35.    During his mental health evaluation, Plaintiff was questioned by Defendant's doctor regarding Plaintiff's complaints of discrimination.

36.    The doctor performing the evaluation, Dr. Hill, specifically asked Plaintiff why he was complaining about discrimination when he could just go work somewhere else.

37.    Plaintiff filed a complaint regarding Dr. Hill's question.

38.    Another mental health evaluation was taken, which cleared Plaintiff for duty on March 3, 2020.

39.    In May 2020, Plaintiff was watching the news with Officer Robert Parker (Caucasian), discussing the murder of unarmed an African-American man, Ahmaud Arbery, by two armed Caucasian civilians.

40.    During this conversation, Ofc. Parker voiced support for the Caucasian shooters.

41.    On or about June 5, 2020, Plaintiff and Ofc. Parker discussed the murder of another unarmed African-American man, George Floyd, by armed Caucasian police officers.

-6-

42.     Ofc. Parker stated that the outcry for justice and action against the Caucasian officers was "ridiculous."

43.     Ofc. Parker also insulted those who protested Floyd's death, and then announced that "many people have said that [Parker is] racist."

44.     Plaintiff stated that maybe Ofc. Parker was racist if he was told by many people that he is.

45.     Ofc. Parker became enraged, and told Sgt. Terriah Webster to, "handle that shit."

46.     Ofc. Parker then told Plaintiff not to "fucking come out to [his] scenes," and instructed Sgt. Webster "not to come to [his] fucking scenes anymore since [she] was supporting this shit."

47.     The following day, June 6, 2020, Ofc. Parker continued his rant against Plaintiff.

48.     Sgt. Webster thereafter asked Plaintiff if he wished to discuss the situation directly with Ofc. Parker.

49.     Plaintiff stated that he would rather not have that conversation, based on Ofc.'s Parker's behavior.

50.     On June 7, 2020, Sgt. Charles Huffman called Plaintiff to his office, and

indicated that Plaintiff had to speak with Ofc. Parker regarding the situation.

51.    Plaintiff did as instructed, and had a meeting with Sgt. Huffman, Ofc. Parker, and Lieutenant William Powell.

52.    During the conversation, Plaintiff explained that Ofc. Parker was justifying the brutality of Black men by Caucasian police officers.

53.    Plaintiff explained that he felt such comments were offensive, disrespectful, and created a hostile work environment.

54.    Plaintiff shared his frustrations and experiences as a Black man, as well as the discrimination he himself has encountered.

55.    At the end of the meeting it was determined that Ofc. Parker and Plaintiff could continue working together at HCPD.

56.    On or about June 8, 2020, Plaintiff was again placed on Administrative Leave pending a mental health evaluation.

57.    On July 15, 2020, Plaintiff was informed by Mr. Cooper that his claims of discrimination against Defendant had been dismissed.

58.    On or about July 22, 2020, Plaintiff was given his psychological evaluation, during which his medical condition and treatment was discussed.

59.    Defendant provided false information about Plaintiff to the doctors

-8-

conducting the evaluation.

60.     Based on the false information, Plaintiff was found not to be fit for duty.

61.     Plaintiff was terminated by Henry County on August 7, 2020.

62.     Unlike Plaintiff, Ofc. Parker was not placed on Administrative Leave and, upon information and belief, was not given a mental health evaluation.

63.     Plaintiff filed a claim against Defendant with the Equal Employment Opportunity Commission, Charge Number 11B-2020-00107.

64.     Plaintiff received his EEOC Dismissal and Notice of Rights, dated January 12, 2021.

## IV.     CLAIMS FOR RELIEF

## COUNT I: RACE DISCRIMINATION IN VIOLATION OF TITLE VII

65.     Plaintiff reasserts and incorporates Paragraphs 1 through 64 of this Complaint as if fully set forth herein.

66.     Plaintiff is a member of a protected class by virtue of his race. *Para. 12.*

67.     Defendant was aware of Plaintiff's race. *Para. 13.*

68.     Plaintiff was qualified for the position at issue. *Para. 14.*

69.     Plaintiff suffered the adverse actions of being placed on several Administrative Leaves. *Paras. 19-21; 56*

-9-

70.    Plaintiff suffered the adverse actions of suspension and probation. *Para. 29.*

71.    Plaintiff suffered the adverse action of termination. *Paras. 58-61.*

72.    The treatment of similarly-situated Caucasian employees of Defendant, versus that of Plaintiff, provides evidence of discriminatory animus. *Paras. 19-21,29-30,62.*

73.    The circumstances surrounding the adverse actions taken against Plaintiff create a mosaic of discrimination. *Paras. 15-59.*

74.    Defendant has no legitimate reason for Plaintiff's Administrative Leaves.

75.    Defendant has no legitimate reason for Plaintiff's suspension and probation.

76.    Defendant has no legitimate reason for Plaintiff's termination.

## **COUNT II: RETALIATION IN VIOLATION OF TITLE VII**

77.    Plaintiff reasserts and incorporates Paragraphs 1 through 76 of this Complaint as if fully set forth herein.

78.    Plaintiff's April 2019 complaint constitutes a protected activity. *Para. 15.*

79.    Plaintiff's first Administrative Leave constitutes an adverse action. *Paras. 19-21.*

80.    Plaintiff's request to discuss race discrimination at HCPD constitutes a protected activity. *Para. 25.*

81.     Plaintiff's suspension and probation constitute an adverse action. *Para. 29.*

82.     Plaintiff's February 23, 2020 race discrimination complaint constitutes a protected activity. *Para. 31.*

83.     Plaintiff's February 24, 2020 Administrative Leave constitutes an adverse action. *Para. 32.*

84.     Plaintiff's May and June 2020 race discrimination complaints constitute a protected activity. *Paras. 39-54.*

85.     Plaintiff's June 2020 Administrative Leave constitutes an adverse action. *Para. 56.*

86.     Plaintiff's termination constitutes an adverse action. *Paras. 59-61.*

87.     The timing of Plaintiff's complaints to the adverse actions taken against him shows causation.

88.     Defendant has no legitimate reason for Plaintiff's Administrative Leave.

89.     Defendant has no legitimate reason for Plaintiff's suspension and probation.

90.     Defendant has no legitimate reason for Plaintiff's termination.

## COUNT III: RACE DISCRIMINATION IN VIOLATION OF THE EQUAL PROTECTION CLAUSE OF THE FOURTEENTH AMENDMENT

91.     Plaintiff reasserts and incorporates Paragraphs 1 through 90 of this

-11-

Complaint as if fully set forth herein.

92.     Defendant intentionally discriminated against Plaintiff on the basis of his race.

93.     Defendant discharged Plaintiff on the basis of his race.

94.     Defendant's discriminatory actions include but are not limited to: (a) establishing a custom, usage, and policy of discriminating against and harassing African-American employees; (b) failing to take any steps to discipline or terminate persons who discriminated against and/or harassed African-American employees; and (c) failing to use reasonable public management powers to investigate discriminatory and harassing conduct that it knew or should have know were widespread and ongoing.

95.     Defendant's actions violated the Equal Protection Clause of the Fourteenth Amendment of the U.S. Constitution.

96.     The actions of Defendant were the moving force behind the deprivation of Plaintiff's constitutional rights.

97.     Defendant is liable to Plaintiff for its actions pursuant to 42 U.S.C. § 1983.

98.     Plaintiff has suffered damages as a result of the unlawful discrimination by Defendant.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Honorable Court grant the following

relief:

a. Trial by jury;

b. Declaratory relief;

c. Actual and compensatory damages in an amount to be determined by the

enlightened conscience of a jury;

d. Punitive damages; and

e. Costs of litigation and any other relief the Court deems just and proper.


Respectfully submitted this __6__th day of __April_____, 2021.


_____    Christopher R. Connors
                                   *Pro Se*
                                   1208 Trees of Avalon Parkway
                                   McDonough, Georgia 30253
                                   cconnors1986@yahoo.com
                                   (423) 710-5821


-13-

## **JURY DEMAND**

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted this ___6___ th day of ___April_____, 2021.

_____

Christopher R. Connors
*Pro Se*
1208 Trees of Avalon Parkway
McDonough, Georgia 30253
cconnors1986@yahoo.com
(423) 710-5821

-14-

## FONT AND POINT CERTIFICATION

Plaintiff certifies that the within and foregoing COMPLAINT was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

Respectfully submitted this ___5___th day of ___April___, 2021.


Christopher R. Connors
*Pro Se*
1208 Trees of Avalon Parkway
McDonough, Georgia 30253
cconnors1986@yahoo.com
(423) 710-5821

-15-

## PLEASE READ BEFORE SIGNING THIS COMPLAINT

Before you sign this Complaint and file it with the Clerk, please review Rule 11 of the Federal Rules of Civil Procedure for a full description of your obligation of good faith in filing this Complaint and any motion or pleading in this Court, as well as the sanctions that may be imposed by the Court when a litigant (whether plaintiff or defendant) violates the provisions of Rule 11. These sanctions may include an order directing you to pay part or all of the reasonable attorney's fees and other expenses incurred by the defendant(s). Finally, if the defendant(s) is the prevailing party in this lawsuit, costs (other than attorney's fees) may be imposed upon you under Federal Rule of Civil Procedure 54(d)(1).

Signed, this _6_ day of _April_ , 20 _21_

_Chris Con_
(Signature of plaintiff *pro se*)

_Christopher    Connors_
(Printed name of plaintiff *pro se*)

_1208 Trees of Avalon Pkwy_
(street address)

_McDonough, GA  30253_
(City, State, and zip code)

_Cconnors1986@yahoo.com_
(email address)

_423-710-5821_
(telephone number)

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

| | | | |
|---|---|---|---|
| To: | **Christopher R. Connors**<br>**1208 Trees Of Avalon Parkway**<br>**McDonough, GA 30253** | From: | **Atlanta District Office**<br>**100 Alabama Street, S.W.**<br>**Suite 4R30**<br>**Atlanta, GA 30303** |

|  | On behalf of person(s) aggrieved whose identity is *CONFIDENTIAL (29 CFR §1601.7(a))* | |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 11B-2020-00107 | **Sharon Robertson,**<br>**Investigator** | **(404) 562-6836** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Darrell E. Graham*                              January 12, 2021

**Darrell E. Graham,**                              *(Date Mailed)*
**District Director**

Enclosures(s)

cc:   **Harold Cooper**                                              **Amanda M. Brookhuis, Esq.**
      **Human Resources Director**                                  **The Kirby Law Firm, LLC**
      **Henry County Government**                                   **4488 N Shallowford Rd**
      **140 Henry Parkway**                                         **Suite 105**
      **Mcdonough, GA 30253**                                       **Atlanta, GA 30338**